## Webster v. Commonwealth.

(Decided February 28, 1928.)

### Appeal from Grant Circuit Court.

1. Homicide.—In prosecution for murder, verdict of guilty held not palpably against evidence.
2. Criminal Law.—In prosecution for murder, where shirt of deceased was introduced in evidence after sheriff had answered leading question to effect that it was in practically the same condition as it was in at time of killing, and coroner who exhibited coat to jury answered leading question to effect that holes were in it when it was taken from body, and no objection to form of questions was made, held there was no substantial error in admitting clothing under this proof.
3. Criminal Law.—In prosecution for murder, where defendants were jointly indicted, statements of codefendant immediately after shooting, and so close to it as to be part of res gestae, was competent against accused.

4. Criminal Law.—In prosecution for murder, where defendants were jointly indicted, although conspiracy existed between them, testimony of codefendants as to what they did after conspiracy was accomplished held not competent against accused, unless so close to shooting as to constitute res gestae, or made in his presence.

5. Homicide.—In prosecution for murder, where accused set up self-defense, refusal of court to instruct that accused had right to act in defense of codefendants held error.

F. A. HARRISON for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

This is a companion case with J. D. Webster v. Commonwealth, 233 Ky. 369, — S. W. (2d) —. The facts are stated in that opinion.

It is insisted for the appellant that the verdict against Oval Webster is palpably against the evidence, but there was one witness for the commonwealth who testified that (Oval said just after the shooting that he had killed a man out there. In addition to this, Carl Webster testifies that his gun was single barreled, and that he only shot once. Two shotgun hulls were found near the dead man, and there was evidence tending to show that more than the sound of one shot was heard. It is insisted that Carl was only sixteen years old, and that he became excited, and did the shooting without the knowledge of the other defendants or any complicity on their part in it. But this was clearly a question for the jury under the evidence. The verdict is not palpably against the evidence. Appellant insists that the court erred in allowing the clothing of the deceased to be introduced without proof that it was in the same condition at the trial as it was on the night of the shooting. But the sheriff, who introduced the shirt, testified as follows:

"Q. Is this shirt now in practically the same condition it was at that time? A. Yes, sir."

The coroner, who exhibited the coat to the jury, testified as follows:

"Q. Were those holes in there on the night when that coat was taken from Ed Mire's body? A. Yes, sir."

There was no objection to the form of these questions. The evidence was uncontradicted, and there was no substantial error in admitting the clothing under this proof. Martin v. Commonwealth, 178 Ky. 550, 199 S. W. 603.

What J. D. Webster said or did just after the shooting, and so close to it as to be part of the res gestæ, is competent against appellant. But, though a conspiracy existed between them, what J. D. Webster or Carl Webster said or did after the conspiracy was accomplished is not competent against Oval Webster, unless so close to the shooting as to be a part of the res gestæ, or in his presence. Sergent v. Commonwealth, 202 Ky. 228, 259 S. W. 349.

Appellant's defense was that all he did was done in self-defense, or the necessary defense of another. The court, by instruction 3, properly instructed the jury on the defense of himself, but refused to give an instruction asked by him on the defense of his codefendant. This was an essential part of his defense, and should have been submitted to the jury. In lieu of instruction 3, the court should have given the jury the following instruction:

"Though the jury believe from the evidence beyond a reasonable doubt that the defendant shot and killed Ed Mire, or that Carl Webster or J. D. Webster shot and killed said Mire, and that defendant was present, and did aid or assist in, or advise, said shooting, yet in either event, if the jury believe from the evidence that defendant, when he so did, in good faith believed that he or either J. D. or Oval Webster was then and there in danger of death or the infliction of some great bodily harm at the hands of said Mire, and that it was necessary, or was believed by the defendant, in the exercise of a reasonable judgment, to be necessary, to so shoot the deceased in order to avert that danger, real, or to the defendant apparent, then the jury should acquit the defendant. However, if the jury believe from the evidence beyond a reasonable doubt that the shooting was pursuant to a conspiracy then existing, as set out in instruction C, then the jury cannot acquit the defendant on the ground of self-defense or the defense of any one who so conspired with him."

On the whole case, the court is unable to say that the defendant's substantial rights were not prejudiced by the refusal of the court to instruct the jury as above indicated. While the defendant could not rely upon the defense of himself or his associates, if they were acting pursuant to a conspiracy to kill the deceased (Gambrill v. Commonwealth, 130 Ky. 513, 113 S. W. 476), he was entitled to rely on this defense if they were not acting pursuant to a conspiracy. The verdict of the jury finding them guilty only of manslaughter is, in substance, a finding against the conspiracy charge, and the substantial rights of the defendant were prejudiced by the failure to give a proper instruction on this view of the case.

Judgment reversed, and cause remanded for a new trial.